Statement.
This is an appeal from a judgment of the district court of Burleigh county declaring a certain reassessment made by order of the tax commissioner of the state of North Dakota under the provisions of chapter 213 of the Session Laws of 1919 to be null and void and requiring the county auditor of Burleigh county to proceed to spread upon the tax rolls of Burleigh county the assessment of all taxable property within the city of Bismarck as made by the regularly appointed city assessor and equalized by the various boards of review and equalization as provided by general statutes. *Page 291 
The facts in the case are substantially as follows.
That all taxable property within the taxing district of the city of Bismarck, Burleigh county, was duly assessed for the year 1925 by the duly appointed, qualified and acting assessor for said taxing district; that said property as assessed by said assessor was duly equalized according to law by the board of city commissioners of the city of Bismarck, sitting as a board of equalization for the taxing district of the city of Bismarck. That said property was thereafter duly equalized by the board of county commissioners of the county of Burleigh sitting as a board of equalization. That thereafter said property was duly equalized by the state board of equalization.
That on the 26th day of August, 1925, the defendant T.H.H. Thoresen as tax commissioner of the state of North Dakota ordered a reassessment of certain classes of taxable property located in the taxing district of the city of Bismarck under the provisions of chapter 213 of the Session Laws of 1919, which order of reassessment reads as follows:
State of North Dakota.
Before the State Tax Commissioner.
In the matter of the Re-assessment of the City of Bismarck, County of Burleigh, State of North Dakota.
Complaint having been made that irregularities have been made in the assessment of the city of Bismarck, county of Burleigh, state of North Dakota, for the year 1925, and that such irregularities in the assessment has not been corrected by the board of Review, and believing that reassessment thereof is desirable and necessary to the end that all of the property and objects of taxation in the said assessment district shall be assessed equally as compared with like property in said county.
It is ordered, that a reassessment of the city of Bismarck, in the county of Burleigh, state of North Dakota, be made of the following real, and personal property, to wit: business structures and improvements on city lots, used for business purposes; residences and other structures and improvements on city lots; not including business structures, and Items 11, 12, 13, 14, 15, 16, 17, 20, 24, 25 and 27 of the personal property assessment list, be had for the year 1925, in accordance with existing statutes. *Page 292 
It is further ordered, that W.H. Patrick be and is hereby appointed special assessor for the city of Bismarck in the county of Burleigh, State of North Dakota, for the year 1925, to re-assess said city.
And it is further ordered, that the said assessor may if in his judgment the same is expedient, use the present assessor's books for the year 1925, in making such reassessment, and to use any of the existing records which said assessor deems correct, and in making any changes that the same shall be entered therein by using a different color of ink to denote such change, and any part of the original record not changed shall be considered the work of such assessor in re-assessing.
And it is further ordered that when said work of reassessing is completed that the said assessor shall file the same in the office of the county auditor of Burleigh county, at his office in the city of Bismarck, North Dakota, there to be reviewed and equalized as provided by law.
Dated at Bismarck, North Dakota, this 26th day of August, 1925.
T.H.H. Thoresen.
State Tax Commissioner.
That the said W.H. Patrick named in the aforesaid order of the tax commissioner did under the terms of said order, reassess certain property of the plaintiffs and other persons similarly situated falling within the classes specified in the order of the tax commissioner and after the completion of said reassessment did on October 26, 1925, file said reassessment with the defendant Frank Johnson as county auditor of Burleigh county.
That afterwards an action was commenced in the district court of Burleigh county by these plaintiffs against the defendants for the purpose of setting aside said reassessment and a temporary restraining order was issued which was afterwards made permanent.
That no notice was ever given by the county auditor as provided by paragraph (1), § 5 of chapter 213 of the Session Laws of 1919.
The board of county commissioners did not meet on the first Monday in November, November 2d 1925, the date set by law, as provided in paragraph (1), § 5, chapter 213, Session Laws of 1919, for the purpose of hearing grievances and complaints thereon and review and equalize such reassessment nor did said board assemble or meet on said day for any purpose. *Page 293 
The commissioners of Burleigh county did, however, meet for the purpose of hearing grievances and complaints and equalizing said reassessment under a notice given under the provisions of ¶¶ 4 and 5, § 7, chapter 198, Session Laws of 1925, on the 4th day of November, 1925, but said board having been restrained by the order of the court from acting at said time and place in any manner involving the reassessment ordered by the tax commissioner, took a recess to the 16th day of November, 1925, at which time the restraining order having been modified pending a hearing on the merits, and said board did on said day attempt to hear complaints and grievances and did equalize said assessments.
It is contended that paragraph (l), § 5, chapter 213, Session Laws of 1919, is unconstitutional, the court however deems it unnecessary to pass upon the constitutionality of the law as no attempt has been made by defendants to act under said paragraph or give the notice therein provided for.
The only notice given by defendants was the notice provided for in paragraphs 4 and 5, § 7, chapter 198, Session Laws of 1925, and defendants contend that that portion of chapter 213, Laws 1919, that provides for notice of reassessment, viz.: paragraph (l), § 5, chapter 213, Laws of 1919, has been repealed by chapter 198, Laws 1925, for the reason that the notice provided for in chapter 213 is in conflict with chapter 198, Laws of 1925, and that § 10 of chapter 198 provides that all acts and parts of acts in conflict with the provisions of the act are repealed.
Senate Bill No. 67 being chapter 213, Session Laws of 1919, known as the Tax Commissioner Act after its passage by the Legislature was on petition referred to a vote of the people under the initiative and referendum provisions of the state Constitution and was duly approved by the people.
House Bill No. 101 being chapter 198 of the Session Laws of 1925 as shown by the house Journal for the year 1925 on final passage only received 62 ayes and 35 nays, 16 absent and not voting the membership of the house being 113. Consequently said House Bill No. 101, afterwards becoming chapter 198 Laws of 1925 was merely passed by a majority and was not passed upon a roll call of two thirds of all members elected to each house. *Page 294 
The initiative and referendum provisions of our Constitution provide:
"No measure enacted or approved by a vote of the electors shall be repealed or amended by the legislature except upon a yea and nay vote upon roll call of two thirds of all the members elected to each house."
Consequently chapter 213 of the Laws of 1919 was not and could not be either amended or repealed by chapter 198 Laws of 1925 nor did the legislature intend by said chapter 198 to either amend or repeal paragraph (l), § 5, chapter 213 Laws of 1919.
Paragraphs 4 and 5, § 7 of Session Laws of 1925 construed and held that the notice provided for and required to be given under said paragraphs refers solely to and applies only to reassessments ordered by the county commissioners as provided in first paragraph of § 7 and that said ¶¶ 4 and 5 do not in any way apply to a reassessment by order of tax commissioner under chapter 213, Session Laws of 1919, and that it was not the intention of the legislature to make said ¶¶ 4 and 5 chapter 198 apply to any proceedings had under chapter 213, Laws of 1919.
The pretended meeting of the board of county commissioners held on November 4th and 16th, 1925, for the purpose of reviewing and equalizing the reassessment not having been held at a time and place provided by statute, that any and all proceedings of said board so held are illegal and null and void.
That no legal notice having been given by defendants of the time and place of the meeting of the county commissioners to be held to review and equalize the reassessment and no meeting having been held for that purpose at the time and place fixed by statute and no legal equalization having been made, the reassessment ordered by the tax commissioner is null and void and the judgment of the district court of Burleigh county is therefore affirmed.
COOLEY, COLE, and WOLFE, District JJ., concur.
All the Justices deeming themselves disqualified from participation in the decision in this case, the following named District Judges were called to act in their stead: Honorable W.J. KNEESHAW, Judge of the 3d Judicial District; Honorable CHAS. M. COOLEY, Judge of the 1st *Page 295 
Judicial District; Honorable H.L. BERRY, Judge of the 6th Judicial District. Honorable A.T. COLE, Judge of the 1st Judicial District and Honorable CHAS.E. WOLFE, Judge of the 3d Judicial District to participate on briefs filed.